## 16567. HILL *v.* BLACKMON.

No defense to this action for principal, interest, and attorney's fees provided for in a promissory note was presented by the allegations of the defendant's plea as to what passed between him and the plaintiff's attorney when the defendant was making efforts to pay the note before suit, and as to a cash tender on the return day, after the suit had been filed, the plea not showing a legal tender before suit.

DECIDED OCTOBER 6, 1925.

Complaint; from Wilkes superior court—Judge Perryman. May 5, 1925.

Application for certiorari was made to the Supreme Court.

*Hugh E. Combs, Colley & Colley,* for plaintiff in error.

*Clement E. Sutton,* contra.

LUKE, J. Blackmon sued Hill for principal, interest, and attorney's fees on a promissory note. Hill admitted the execution of the note and pleaded that he was not liable for the attorney's fees, for the reason that prior to the return day for filing suits for the February term, 1925, of the superior court of Wilkes county he stated to the attorney for Blackmon that he would be ready to pay the note on the day before the return day, and the attorney told him that he would not be at home on that day, whereupon he told the attorney to leave the note where he could pay it. Hill further pleaded that he went to see the plaintiff in person on the day before the return day, to settle and pay the note, and the plaintiff told him that she could not do anything until she saw her attorney, whereupon Hill advised her that her attorney had gone to Augusta for the day, and the plaintiff then advised him that if the roads were not too bad she would come to Washington the next morning, so that he could settle with her. Hill further pleaded that about 10 o'clock a. m. on the return day he went to the plaintiff's attorney and stated to him that he had the money and wanted to pay the note, whereupon the attorney stated that the suit had already been filed. Hill further pleaded that on the return day, at about 2 or 3 o'clock in the afternoon, he tendered to the plaintiff's attorney in cash the whole amount due on the note for principal, interest, and court costs, and the tender was refused. Blackmon demurred to this plea upon the ground that it was not pleaded that the principal and interest due upon the note was tendered prior to the filing of the suit on the return day. The court sustained the demurrer of Blackmon and struck the defendant's plea.

No legal tender of the principal and interest due upon the promissory note sued upon having been made prior to the actual filing of the suit, it was not error to strike the defendant's plea. A verdict for the plaintiff for his principal, interest, and attorney's fees was proper.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*